FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 21, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALICE A. RENDON,<br><br>    Plaintiff,<br><br>    v.<br><br>MOSES LAKE COMMUNITY HEALTH CENTER,<br><br>    Defendant. | No. 2:17-cv-00163-SAB<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

Before the Court is Plaintiff's Complaint, ECF No. 5. Magistrate Judge John T. Rodgers granted Plaintiff's application to proceed *in forma pauperis* and recommended the Complaint be reviewed for legal sufficiency. Having reviewed the Complaint and liberally construing its allegations in the light most favorable to Plaintiff, the Court dismisses without prejudice Plaintiff's Complaint for failure to state a claim upon which relief may be granted. Plaintiff shall file any amended Complaint no later than April 20, 2018.

## BACKGROUND AND COMPLAINT

Alice Rendon initiated this action[1] against her former employer, Moses Lake Community Health Center, on May 15, 2017. The Complaint states a cause of

---

[1] Ms. Rendon filed a charge with the Equal Employment Opportunity Commission and received a right to sue letter in March 2017.

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND ^ 1**

action under the Rehabilitation Act, 29 U.S.C. §§ 701, *et seq*.; and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq*. ECF No. 5.

In her Complaint, Plaintiff alleges that on or about April 2007, she was hired to perform duties as a Benefit Specialist. She alleges she has a disability within the meaning of the ADA and that despite at least five requests to the supervisor and human resources, she was not accommodated for her disability. Plaintiff further alleges she was subjected to disparate treatment for no reason other than to aggravate her disability, and that she was retaliated against for disclosing fraud that occurred from 2014-2016.

## STANDARD

Pursuant to 28 U.S.C. § 1918(e)(2)(B), the Court shall dismiss an *in forma pauperis* complaint at any time if the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"; or "seeks monetary relief against a defendant who is immune from such relief." To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). While detailed factual allegations are not necessary, the plaintiff must provide more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations must be "enough to raise a right to relief above the speculative level." *Id*. The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

The Court holds *pro se* plaintiffs to less stringent pleading standards than represented plaintiffs, and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When dismissing a complaint under § 1915(e), the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND ^ 2**

be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## ANALYSIS

Plaintiff brings claims under the ADA and Rehabilitation Act alleging failure to accommodate, disparate treatment, and retaliation. The Court dismisses Plaintiff's Complaint because it states insufficient facts to support a cognizable theory of disability discrimination or retaliation.

**Failure to Accommodate/Disparate Treatment**

The standards used to determine whether an act of discrimination violated the Rehabilitation Act are the same standards applied under the ADA. 29 U.S.C. § 794(d); *see also Coons v. Sec'y of U.S. Dept. of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004). To establish a prima facie case of disability discrimination under the ADA, a plaintiff must demonstrate (1) she is disabled within the meaning of the ADA; (2) she is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) she suffered an adverse employment action because of her disability. *Allen v. Pac. Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003).

An individual qualifies as disabled if she, (1) "has a physical mental impairment that substantially limits one or more major life activities," (2) "a record of such an impairment," or (3) "[is] regarded as having such an impairment." 42 U.S.C. § 12102(1); *see also Coons*, 383 F.3d at 884.

An individual is "otherwise qualified for employment" if she is someone "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). Even when a disabled employee cannot perform the essential functions of her job unassisted, she can still be qualified for the position if she could accomplish its essential functions "with . . . reasonable accommodation." *Id*. Reasonable accommodation may include (1) "making existing facilities used by

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND ^ 3**

employees readily accessible to and usable by individuals with disabilities," and (2) "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities." 42 U.S.C. § 12111(9).

Liability in a disparate treatment case, on the other hand, "depends on whether the protected trait . . . *actually motivated* the employer's decision." *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993) (emphasis added). Indeed, disparate treatment "is the most easily understood type of discrimination. The employer simply treats some people less favorably than others because of their race, color, religion, sex or [other protected characteristic]." *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 335, n. 15 (1977).

In this case, Plaintiff's vague and conclusory allegations are not enough to establish a prima facie case of disability discrimination. For example, Plaintiff alleges "I have a disability within the meaning of the Americans with Disabilities Act of 1990, as amended." ECF No. 5, at 7. This is nothing more than a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

Plaintiff can cure the deficiencies in her Complaint simply by stating more factual allegations to support every element listed above. In other words, Plaintiff should provide more facts that would allow the Court to infer she is (1) disabled within the meaning of the ADA; (2) she is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) she suffered an adverse employment action because of her disability.

The same can be said about Plaintiff's claim of disparate treatment. Plaintiff should provide more factual information that would allow the Court to infer that Defendant treated her differently because of her disability.

//

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND ^ 4**

**Retaliation**

Section 504 of the Rehabilitation Act "incorporates the anti-retaliation provision of Title VI of the Civil Rights Act of 1964." *Barker v. Riverside Cty. Office of Educ.*, 584 F.3d 821, 825 (9th Cir. 2009). To state a claim of retaliation under the Rehabilitation Act, a plaintiff must allege: (1) involvement in a protected activity; (2) an adverse employment action; and (3) a causal link between the two. *Coons*, 383 F.3d at 887. The requirements are identical when making a claim of retaliation under the ADA. *See Pardi v. Kaiser Found. Hosp.*, 389 F.3d 840, 849-50 (9th Cir. 2004).

An act is an "adverse employment action" if it is "any adverse treatment that is based on a retaliatory motive and is reasonably likely to deter the charging party or others from engaging in protected activity." *Ray v. Henderson*, 217 F.3d 1234, 1242-43 (9th Cir. 2000). As to the causal link requirement, "the plaintiff must present evidence adequate to create an inference that an employment decision was *based on* an illegal discriminatory criterion." *Coons*, 383 F.3d at 887 (emphasis added).

In this case, Plaintiff alleges she was retaliated against for disclosing fraud that occurred from 2014 to 2016. Under the liberal pleading standard set forth above, Plaintiff has alleged involvement in a protected activity, and a causal link between it and an adverse employment action. However, Plaintiff fails to provide sufficient factual information as to the adverse employment action itself. Had Plaintiff described the adverse employment action, she would have established a prima facie case of retaliation.

//
//
//
//
//

## CONCLUSION

Plaintiff's Complaint fails to state sufficient facts to support a cognizable theory of disability discrimination and retaliation. For that reason, the Court dismisses Plaintiff's Complaint. However, the Court will provide Plaintiff the opportunity to cure the deficiencies in her Complaint. *See Cato*, 70 F.3d at 1106. Plaintiff shall file any amended Complaint no later than April 20, 2018.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Complaint, ECF No. 5, is **DISMISSED WITHOUT PREJUDICE** and with **LEAVE TO AMEND**.

2. Plaintiff shall file an amended Complaint no later than **April 20, 2018**. Failure to do so will result in the dismissal of this action.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order and forward a copy to pro se Plaintiff.

**DATED** this 21st day of February 2018.

Stanley A. Bastian
United States District Judge

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND ^ 6**